# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TAMIKA LATOI-SUTTLES, SECURED PARTY CREDITOR,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA, ALL STATES, COUNTY OF HENNEPIN, COUNTY OF RAMSEY FRANCHISES & TITLES ETC., UNITED STATES OF AMERICA & ALL OTHERS, FRANCHISES & TITLES ETC., COUNTY OF SCOTT,<br><br>Defendants. | Case No. 17-cv-4066 (SRN/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on the application of Plaintiff Tamika Latoi-Suttles for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2.

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Under Rule 8 of the Federal Rules of Civil Procedure, "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must

be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard "a legal conclusion couched as a factual allegation."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

      Latoi-Suttle's complaint is incomprehensible. The factual narrative is nearly impossible to follow.  There are over one hundred pages of allegations like the following:

> And Any other Relief that can be Asserted Immediately that can assist with Plaintiff back if Full Harmony and Positive Honor that Plaintiff can't think of due to Pain and Anxiety of all listed and timeframe to Rush File Affidavit and Complaint, that is a UnRebuttable Declaration to Truth and Facts, and put on the Official Public Record with all Defendants/Debtors Bonds and Bonds in Commerce asserted and attached under organic Common Law of the Land and under Perjury who challenges this Affidavit and Complaint.

ECF No. 1 at 16.  Another example of the confusing allegations in her submissions is in a document she has entitled "Acknowledgement /Affidavit 7."  She states:

> We shall conduct all hearing's in the Organic Lands, Regarding Organic River's / Sea's, without any illegal CORPORATION'S Buildings of all Levels, and any Claims of Creditor's Due compensation will address all matter's here and all CORPORATION's that illegally scammed for profit is responsible for all their own debt's from past and herein after and forever.

ECF No. 1-2 at 1.

      These allegations do not comply with Rule 8 of the Federal Rules and do not "raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  Although Latoi-Suttles has included countless legal terms and references to case law, the Court is unable to infer

even a "mere possibility of misconduct" against the defendants. *Iqbal*, 556 U.S. at 679.  Even with the benefit of liberal construction of pro se complaints, the Court cannot string together a coherent factual narrative from the complaint.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's complaint be dismissed without prejudice.

Dated: November 6, 2017                        *s/Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).